UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORNELIO VIVEROS-BALANTA,

    Petitioner,

-vs-                                                Case No.  8:13-cv-980-T-30EAJ
                                                                          8:07-cr-240-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This Cause is before the Court upon Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (CV Dkt. 1). Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Circ. 1981) (*en banc*).

annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

After a preliminary review, the Court concludes that the petition should be dismissed.

## Background

On June 13, 2007, Petitioner was arraigned on a grand jury indictment charging him with two counts:

1. conspiracy to possess with intent to distribute; and

2. possession with intent to distribute, and aiding and abetting others to possess with intent to distribute,

five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, "while aboard a vessel subject to the jurisdiction of the United States." (CR Dkt. 10). Petitioner pled guilty as charged to count one (1) on August 6, 2007, pursuant to a negotiated plea agreement. (CR Dkt. 38).

At sentencing, this Court granted the government's motion to dismiss count two (2) of the indictment, and sentenced Petitioner to 168 months of imprisonment, to be followed by five (5) years of supervised release. (CR Dkt. 58). This Court entered judgment of conviction on count one (1) on November 19, 2007, (CR Dkt. 63), and Petitioner signed a declaration which stated, "I, Cornelio Vivero-Balanta, hereby declare that . . . I do not wish to file a direct appeal in the above styled case." Petitioner did not file an appeal.

On January 1, 2011, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (CR Dkt. 79; Case No. 08:11-CV-43, Dkt. 1). In the appendix to his motion, Petitioner argued:

> The petitioner is a citizen of another country. The petitioner was seized by the United States of America *from international waters* and forcibly removed to the United States. . . . The petitioner did not plan to travel on his boat to . . . or distribute the illegal drugs in the United States. . . . The United States did not have jurisdiction to arrest and incarcerate the petitioner.

(CR Dkt. 79, Ex. 1, at 2) (emphasis added). This Court dismissed Petitioner's motion as time-barred, holding that Petitioner had not alleged facts sufficient to qualify for equitable tolling of the 1-year limitations period. (CR Dkt. 81; Case No. 08:11-CV-43, Dkt 3).

On March 4, 2013, Petitioner filed a motion to dismiss the indictment or in the alternative for a hearing. (CR Dkt. 89). On March 18, 2013, this Court advised Petitioner of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and ordered Petitioner to advise this Court, on or before April 18, 2013, whether he chose to:

1. proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion to dismiss the indictment;

2. amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. withdraw his motion.

(CR Dkt. 83, 3).

In its order, this Court warned Petitioner of § 2255's procedural limitations and requested that Petitioner explain how *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to his case. This Court noted that Petitioner's admission in his Plea Agreement's "Facts" section that the United States Coast Guard apprehended him

"approximately twenty-two (22) nautical miles off the Guatemala - El Salvador border," (CR Dkt. 38, Plea Agreement, 15), placed him in international waters, well beyond any territorial sea. (CR Dkt. 83 (citing *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003))).

On April 17, 2013, Petitioner filed the instant motion to vacate, set aside, or correct sentence, (CR Dkt. 84; CV Dkt. 1), and this Court terminated as moot Petitioner's motion to dismiss the indictment. (CR Dkt. 86). In his motion to vacate, Petitioner claims that:

1. the court lacks jurisdiction to adjudicate his case because he was arrested in the territorial waters of Guatemala;
2. trial counsel was ineffective for failing to bring an as-applied challenge to Maritime Drug Law Enforcement Act; and
3. trial counsel was ineffective for failing to consult with petitioner about a direct appeal.

(CV Dkt. 1). Petitioner requests that this Court vacate his conviction. Alternatively, Petitioner requests that this Court certify the following issues for appeal:

1. "Whether the 200 mile [sic] radius (UNCLOS), and not the 12 mile [sic] radius (CHS) is considered the territorial sea of a coastal stated [sic]."
2. "Whether Petitioner's § 2255 motion is timely under § 2255(f)(4), or if the petition, instead should be equitable [sic] tolled."

(CV Dkt. 1, 9).

**Procedural Limitation**

Petitioner needs to obtain the permission of the Eleventh Circuit Court of Appeals before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application."). Petitioner filed a motion to vacate under § 2255 on January 6, 2011. (CR Dkt. 79). Petitioner has not obtained the permission of the Eleventh Circuit to file the instant motion. Therefore, this Court must dismiss the instant motion as procedurally-barred.

**Discussion**

In his application to the Eleventh Circuit, Petitioner should explain why *Bellaizac-Hurtado* applies to the facts of his case. In *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 7053(a), *et. seq.*, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. 700 F.3d 1245, 1258. The Eleventh Circuit held that "Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.* In *McPhee*, the Eleventh Circuit stated that "[t]he United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." 336 F.3d 1269, 1273.

In his Plea Agreement, Petitioner admitted that his arrest location was in international waters. (Dkt. 38, Plea Agreement, 15). In the instant motion, Petitioner argues that this

admission should not preclude him from asserting that he was arrested in the territorial waters of Guatemala. (CV Dkt. 1, 4). Petitioner cites *Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("In administering the writ of habeas corpus and its § 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding the possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."), but does not provide any evidence that his guilty plea was a product of misunderstanding, duress, or misrepresentation by others. Petitioner also does not explain why his statement that he "was seized . . . in international waters" in his January 2011 motion to vacate, (CR Dkt. 79, Ex. 1 at 3), should not preclude him from asserting that he was arrested in the territorial waters of Guatemala in the instant motion to vacate. (CV Dkt. 1, 7).

Even if this Court disregards Petitioner's previous statements that his arrest location was in international waters, Petitioner's admission in the instant motion that his arrest location was approximately twenty-two (22) nautical miles off the Guatemala-El Salvador border prevents this Court from holding that Petitioner's arrest location was in territorial waters. *See McPhee*, 336 F.3d at 1273. Petitioner argues that territorial waters extend 200 nautical miles beyond a coastal state. (CV Dkt. 1, 7-8). For support, Petitioner cites the United Nations Convention on the Law of the Sea (UNCLOS), arts. 1, 2, 3, 55-57, 58(1), 76-77, 86, Dec. 10, 1982, 1883 U.N.T.S. 397.[2]

---

[2]Available at http://www.un.org/Depts/los/convention_agreements/convention_ overview_convention.htm

Article 2 of UNCLOS states that "[e]very state has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention." Article 55 states that "[t]he exclusive economic zone is an area beyond and adjacent to the territorial sea." Article 57 states that "[t]he exclusive economic zone shall not extend beyond 200 nautical miles from the baselines from which the breadth of the territorial sea is measured."

Petitioner asserts that this Court should consider the 200-nautical-mile exclusive economic zone (EEZ) as territorial waters and apply *Bellaizac-Hurtado*. Petitioner states that "UNCLOS considers the 'EEZ' part of the territorial waters of a state." (CV Dkt. 1, 7). This misinterprets UNCLOS, which defines the EEZ as "an area *beyond and adjacent to* the territorial sea." UNCLOS, art. 55, Dec. 10 1982, 1883 U.N.T.S. 397 (emphasis added). Petitioner does not cite any authority to explain why a court in this circuit is not required to follow Eleventh Circuit precedent in *McPhee* and apply the 12-nautical-mile definition of territorial waters.

**Dismissal of Motion to Vacate**

The Court must dismiss the petition because it is a successive § 2255 petition and the Eleventh Circuit has not authorized its filing. However, by way of explanation to Petitioner why his claims lack merit, the Court will discuss them briefly. Petitioner's first claim, that the court lacks jurisdiction to adjudicate his case because he was arrested in the territorial waters of Guatemala, does not have merit for the reasons discussed above.

Petitioner's second claim, that trial counsel was ineffective for failing to bring an as-applied challenge to the Maritime Drug Law Enforcement Act, does not have merit because

this challenge has no legal support. Petitioner cites *Gordon v. United States*, 518 F.3d 1291 (11th Cir. 2008), which states that "[t]o prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" *Id.* at 1297 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Counsel's decision not to bring an as-applied challenge did not fall below an objective standard of reasonableness because the challenge had no legal merit.

Petitioner's third claim, that trial counsel was ineffective for failing to consult with petitioner about a direct appeal, does not have merit because Petitioner has not alleged facts sufficient to establish ineffectiveness. Petitioner cites *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007), which states that "[c]ounsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." *Id.* at 1207. First, Petitioner did not explain why a rational defendant would want to appeal a sentence consistent with the government's recommendations that petitioner bargained for in his plea agreement. Second, Petitioner did not provide any evidence that he demonstrated an interest in appealing in November 2007 when he submitted his declaration that he did not intend to appeal his conviction. (CR Dkt. 61).

## Denial of Certificate of Appealability

Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section

2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has not made this showing.

Accordingly, the Court **ORDERS** that:

1. The motion to vacate under 28 U.S.C. § 2255 is **DISMISSED**. The **Clerk** is directed to close this case.

2. A certificate of appealability is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-980.dismiss 2255.wpd